Filed 5/14/24  P. v. Ramirez CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PABLO RAMIREZ,<br><br>        Defendant and Appellant. | A169360<br><br>(San Mateo County<br>Super. Ct. No. SC060870A ) |

In 2007, a jury convicted Pablo Ramirez (appellant) of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664) and assault with a semiautomatic firearm (§ 245, subd. (b)).  As to both offenses, the jury found true allegations that appellant personally discharged a firearm proximately causing great bodily injury (§ 12022.53, subd. (d)) and personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)).  This court affirmed the subsequent judgment.  (*People v. Ramirez* (Apr. 10, 2009, A120631) [nonpub. opn.].)

---

[1] All undesignated statutory references are to the Penal Code.

1

In 2023, appellant filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel and, following briefing and a hearing, summarily denied the petition.

On appeal, appellant's counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and appellant filed a supplemental letter brief. We have evaluated appellant's arguments and conducted our own independent review of the record. We conclude appellant failed to make a prima facie showing for relief under section 1172.6.

Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; see also § 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition [for resentencing] . . . ."].) The verdict forms show the jury found appellant guilty of "attempt to murder Rosa E. V[.]"; found him guilty of "assault on Rosa E. V[.] with a semi-automatic firearm"; and found true allegations that, in the commission of both crimes, appellant "personally and intentionally discharged a firearm . . . and proximately caused great bodily injury to Rosa E. V[.]" and "personally inflicted great bodily injury upon Rosa E. V[.]" The jury was instructed that, to find appellant guilty of attempted murder, the People must prove "1. The defendant took at least one direct but ineffective step toward killing (another person); [¶] AND [¶] 2. The defendant intended to kill that (person)." The jury was not instructed on the natural and probable consequences doctrine. The record of conviction conclusively establishes that appellant's attempted murder conviction was not based on the natural and probable consequences doctrine.

In his supplemental brief, appellant argues to the contrary, relying on two cases, *People v. Rivera* (2021) 62 Cal.App.5th 217, and *People v. Eynon*

2

(2021) 68 Cal.App.5th 967. Both are easily distinguishable because they involve guilty murder pleas under circumstances which did not preclude eligibility for resentencing relief. (*Rivera,* at pp. 224, 235 [a defendant who "entered a plea to murder 'with malice aforethought' " established prima facie case for relief "because such a plea is not necessarily an admission that the crime was committed with actual malice" and "there is no basis on which to infer that [the defendant] admitted to acting with actual malice"]; *Eynon,* at p. 979 ["When [the defendant] pled guilty [to first degree premeditated murder], the law allowed him to be convicted of first degree premeditated murder on a natural and probable consequences theory, and it also allowed him to be convicted of first degree felony murder without being the actual killer, acting with intent to kill, or being a major participant in the underlying felony who acted with reckless indifference to human life. The accusatory pleading did not exclude either of those theories—the prosecution could have relied on natural and probable consequence, felony murder, or both if the case had proceeded to trial. [The defendant's] guilty plea, his admission that he did what was charged in the murder count, and his admission that the murder was committed in the course of a robbery consequently did not include any factual admissions that refute his allegation that he is eligible for relief under section 117[2.6]."].)

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.

3

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A169360)